UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SEBASTIAN RESTREPO CRUZ

        Plaintiff,

v.

ALEJANDRO MAYORKAS, U.S. Secretary of Department of Homeland Security; UR JADDOU, Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States; MERRICK GARLAND; U.S. Attorney General;

        Defendants.

Case No.: 23-1129

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1. Plaintiff, Sebastian Restrepo Cruz, respectfully submits this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's applications for Employment Authorization (Form I-765), Travel Document (Form I-130) and Adjustment of Status (Form I-485) without further delay. Plaintiff properly filed for adjustment of status to that of a lawful permanent resident based on marriage to a U.S. citizen with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on December 09, 2022. He concurrently filed an application for employment authorization and travel document based on his pending adjustment. Plaintiff's applications remain within the jurisdiction of Defendants, who have improperly withheld action on the applications for an unreasonable period of time, to the detriment of Plaintiff.

## JURISDICTION AND VENUE

2. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall

1

have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

4. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. The 10th Circuit Court of Appeals has construed 8 U.S.C. § 1252 narrowly and has consistently found it lacks jurisdiction to review anything outside of a removal

order. *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1243 (10th Cir. 2012); *Hamilton v. Gonzales*, 485 F.3d 564, 565–66 (10th Cir.2007); *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir.2006) ("We have general jurisdiction to review only a final order of removal."); *Abiodun v. Gonzales*, 461 F.3d 1210, 1217 (10th Cir.2006); *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir.2004).

    5.   Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including

completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

6. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). Similarly to the above, in relation to employment authorization documents, the regulations provide that "If the application is granted, the alien shall be notified of the decision and issued an employment authorization document valid for a specific period and subject to any terms and conditions as noted. If the application is denied, the applicant shall be notified in writing of the decision and the reasons for the denial." 8 C.F.R. § 274a.13(b)-(c). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case,* 151 F.3d 1059, 1063

4

(D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

7. As set forth below, the delay in processing the Plaintiff's properly filed applications for adjustment of status, employment authorization, and advance parole (travel document) is unreasonable.

8. Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. No exhaustion requirements applies to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for more than 1 year. Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process his application in a timely manner.

## PARTIES

10. Plaintiff Sebastian Restrepo Cruz is citizen of Colombia. He is currently in F-1 student status. He is a PhD candidate in biomedical sciences at University of New Mexico.

11. Defendant Alejandro Mayorkas is the U.S. Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

12. Defendant Ur Mendoza Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a).  He is sued in his official capacity only.

13. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including applications for adjustment of status such as Plaintiff's.

14. Defendant Merrick Garland is the Attorney General of the United States.  He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for adjustment of status.  He is sued in his official capacity only.

15. Defendants are in charge of the processing and adjudication of applications and related background checks for adjustment of status to lawful permanent resident.

## LEGAL FRAMEWORK

<u>Employment Authorization</u>

16. An applicant for adjustment of status has the right to apply for an employment authorization document (EAD) concurrently with the application for adjustment of status.  8 C.F.R. § 274a.12(c)(9).

17. Until January 2017 USCIS was obligated to adjudicate these applications within 90 days.  8 C.F.R. § 274a.13(d) (effective prior to January 2017).  USCIS amended its regulation and eliminated the 90 day deadline despite multiple public comments to the contrary.  However

even though an explicit deadline is no longer available the APA reasonableness standard remains. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

    <u>Adjustment of Status</u>

18. Foreign nationals who meet the requirement of 8 U.S.C. § 1255(a) or (i) may apply to have their status adjusted to that of a lawful permanent resident.

19. Either process requires a background check conducted by the FBI. Applicants submit their fingerprints at designated offices of Defendant USCIS.

## FACTUAL AND PROCEDURAL BACKGROUND

20. On or about December 09, 2022, Plaintiff filed an application for adjustment of status, and concurrent applications for work authorization and travel document (Exhibits 1, 2, and 3).

21. Government systems show that on or about January 03, 2023, Defendant USCIS marked Plaintiff's application for work authorization as being under active review (Exhibit 4).

22. Defendant USCIS issued a request for evidence on Plaintiff's application for adjustment of status. On or about August 02, 2023, Defendant USCIS received Plaintiff's response to the request for evidence. (Exhibit 5).

23. Plaintiff's applications remain with Defendant USCIS, who has failed to adjudicate the application or issue either benefit.

24. On or about November 27, 2022, Plaintiff submitted a case inquiry to Defendant USCIS with confirmation number SR13312306178MSC. No response was received from this inquiry.

25. Without adjudication of the applications, Plaintiff's life, future, and career are in limbo. Plaintiff is scheduled to graduate in Spring 2024. He is unable to apply for jobs without

having the proper authorization to be hired. In his field of biomedical sciences, many positions are grant funded and many of the grants are from the National Institutes for Health and require permanent residence or U.S. citizenship.  Plaintiff's career is in jeopardy due to the unreasonable delay by Defendants.

26. Plaintiff's lack of permanent status makes it difficult for him to accept permanent job offers, travel freely outside of the country, and obtain mortgages. His lack of employment authorization makes him unable to financially provide for his U.S. citizen wife, causing financial hardship to the family.

27. Plaintiff is suffering substantial harm from Defendants refusal to adjudicate his adjustment of status and employment authorization applications.

## CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT

28. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

29. Defendants in this case have failed to reach a decision on the application for adjustment of status and concurrently filed applications.  This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs.  Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

### COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 702, 704, 706 (APA CLAIMS)

30. The allegations contained in paragraphs 1 through 30 above are repeated and re-alleged as though fully set forth herein.

31. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702.  Plaintiff is aggrieved by agency action for which there is no other adequate remedy in court.  5 U.S.C. § 704.

32. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

33. The allegations contained in paragraphs 1 through 30 above are repeated and re-alleged as though fully set forth herein.

34. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to properly adjudicate Plaintiffs' application for adjustment of status.

35. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has

a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

36. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status, employment authorization and advance parole, including submission of all necessary forms and supporting documents.

37. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to adjust status, employment authorization, and advance parole for over a year, thereby depriving the Plaintiff of his rights under 8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

38. The Defendants owe the Plaintiff a duty to adjudicate his adjustment of status application, or at the very least, his employment authorization document and advance parole document, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his adjustment of status application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

39. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than one year for adjudication of his pending adjustment of status application and the ancillary applications for employment authorization and advance parole. This is an unacceptable and unreasonable delay.

40. The Plaintiff is entitled to action on his long-pending adjustment of status application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

41. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A. Assume jurisdiction over the matter;

B. Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the adjustment of status, employment authorization, and advance parole applications is unlawful and contrary to law.

C. Order Defendants and those working under them to immediately adjudicate the pending application for adjustment of status or at the very least the applications for employment authorization and advance parole.

D. Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E. Grant any and all further relief this Court deems just and proper.

Dated this __th day of _____ 20__.

/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiffs
Vrapi Weeks
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
olsi@vrapiweeks.com